UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-20115-CIV-MORENO

CERTIFIED HOME LOANS OF FLORIDA, INC.,

    Plaintiff,

vs.

UNION BANK OF CALIFORNIA, N.A., a foreign corporation and WACHOVIA BANK, a Florida banking entity,

    Defendants.
_____/



## ORDER GRANTING UNION BANK OF CALIFORNIA, N.A.'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Union Bank of California, N.A.'s Motion for Summary Judgment **(D.E. No. 37)**, filed on **September 6, 2007**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED for the following reasons.

### Background

Plaintiff Certified Home Loans of Florida, Inc. opened a checking account in 2002 with Defendant Union Bank of California, N.A. Plaintiff signed a signature card in which Plaintiff agreed to be bound by Defendant's Account Agreement as amended from time to time. The Account Agreement and the subsequent relevant amendments to the Account Agreement require that this Court apply California law to any dispute.

Plaintiff made three checks on the checking account between 2005 to 2006 that Plaintiff claims Defendant improperly honored by debiting Plaintiff's bank account. Plaintiff claims that Defendant should not have honored the checks because the checks contained unauthorized indorsements. The disputed checks are as follows:

Check Number One:

        Check Number:      6508
        Payable to:          "Sherley Title Services, Inc. TrustAcc"
        Indorsement:        "Sherley Title Services Operation Account"
        Deposit Account:    Sherley Title Services, Inc.'s Operation Account
        Date of Deposit:    November 7, 2005
        Amount:            $334,530.34

Check Number Two:

        Check Number:      6575
        Payable to:          "Sherley Title Services, Inc DBA TrustAcc"
        Indorsement:        "Sherley Title Services Escrow Account"
        Deposit Account:    Sherley Title Services, Inc.'s Escrow Account
        Date of Deposit:    December 12, 2005
        Amount:            $423,003.85

Check Number Three:

        Check Number:      6825
        Payable to:          "Doral Title Services, Inc. Trust Acc."
        Indorsement:        "Doral Title Services Inc."
        Deposit Account:    Doral Title Services, Inc.'s Escrow Account
        Date of Deposit:    March 28, 2006
        Amount:            $475,303.66

Plaintiff does not allege that the wrong entities received payment for the checks. The Plaintiff instead alleges that the checks were paid to the wrong accounts belonging to the correct entities. Plaintiff demands damages in the aggregate amount of the checks.

**Standard for Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

**Analysis**

California law applies to this dispute because the parties agreed to the application of California law in the Account Agreement. Whether or not Plaintiff received the amendments to the Account Agreement, or which version of the Account Agreement applies, is not a material disputed fact because all relevant versions of the Account Agreement designate California law.[1] California law therefore applies to this dispute.

The California Uniform Commercial Code governs the negotiation of checks. California UCC § 3110 governs identification of persons to whom instruments are payable. Section 3110(a) provides that "[t]he person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the

---

[1] Plaintiff disputes whether the Plaintiff received the 2005 and 2006 versions of the Account Agreement. Plaintiff does not dispute, however, that all of the relevant versions of the Account Agreements designate California law. Therefore, the question of which Account Agreement applies is not relevant to determining the question about whether California law applies. Importantly, however, the relevant UCC statutory provisions that apply in this case are the same in both the California Code and the Florida Statutes.

instrument."

The California UCC shall "be interpreted and applied in accordance with the official comments of the National Conference of Commissioners on Uniform State laws." Lee Newman, M.D., Inc. v. Wells Fargo Bank, 87 Cal.App.4th 73, 82 (Cal.App.2d Dist. 2001). This Court believes that two examples provided in the official comments are analogous to this case. The first, interpreting Section 3110(c)(1), states that a check payable to "X Corporation Account No. 12345 in Bank of Podunk" is payable to "X Corporation and can be negotiated by X Corporation even if Account No. 12345 is some other person's account or the check is not deposited in that account." The second, interpreting Section 3110(c)(2), states that "[i]f the instrument is payable to the trust or estate or to the trustee or representative of the trust or estate, the instrument is payable to the trustee or representative or any successor."

All three checks were indorsed by the same company to whom the checks were made payable. The checks were deposited into accounts belonging to the payees. The surplus language of "TrustAcc" is analogous to the official comments examples of an account number following "X Corporation" and to a check made out to a person as trustee. The examples indicate that the checks are properly indorsed and deposited if the payee corporation or individual receives payment. The agreed facts do not support a cause of action because the payee corporation indorsed and received payment from the checks. Recourse for the plaintiff is against the companies to whom the checks were made payable if those companies misused the money.

**Conclusion**

Plaintiff's claim against Defendant for improperly debiting drawers account is dismissed. This Order does not decide the other arguments made in Defendant's Motion for Summary Judgment. This case is closed. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of November, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record